Judge Trimble,
delivered the following opinion of the court: — In an action against William and Andrew Biack, for a malicious prosecution of Sugg, for hog-stealing, the declaration sets forth the indictment, as found a true bill, upon the information of the said defendants, who were of the grand jury ; which is the prosecution complained of, and of which, the said Sugg was after-wards acquitted, by the traverse jury. Upon the pies. *557 pf not guilty, the plaintiff had judgment for 130 dollars, and costs. From which the defendants appealed.
The action was brought against the appellants for information given by them, as grand jurors, to their fellow jurors, upon their oaths of office. Upon general principles, it' would seem that; the persons summoned, and compelled by penalties, to serve on the grand inquest, and by oath enjoined to make diligent inquiry and true presentment of all offences, should not be subject to action for that which was done by them in the discharge of their functions ; and the statute law is express, that “ the said jurors shall, in no instance, be liable to. any costs or suits, in consequence of such presentments”
• — (Bradford’s Ed. L. K. p. 232, ch. 85, §-3). It was argued that this provision extended only to the courts of quarter sessions, and at a time when they had cognizance of trespasses and misdemeanqrs, which were of such kind, that an action of slander could not have been supported, in case the charge had been made by an individual out of doors, similar to the information given by the jurors to their fellows ; that the provision of the statute did not extend to the circuit courts,
The premises, and conclusion of the argument, are equally founded on mistake. The provision above recited, is found in the act of December 1793, amending the acts establishing county courts, courts of quarter sessions, and a court of oyer and terminer (session acts of that year, ch. 1 § 2)- — See also, the original act of 1-792, ch. 35, § 6, and the general jurisdiction of the court of oyer and terminer, § 13 & 14 — An act concerning grand juries,” acts of 1794, ch. 17 — -Act of 1796, “ concerning the examination and trial of criminals, grand juries”’ &c. — Bradford’s Ed, L. K. ch. 77, § 23, 24, 27, 38, li, 61 — “ An act establishing circuit courts,” § 7, 2 Bradford, p. 183.
When secrecy constituted^ part of the oath of grand jurors, they were secure from prosecutions for any information given to their fellows.
A suit against one who had been of the grand jury, which found an indictment or presentment, could be supported only fay evidence of something done as an individual, out of doors ; one of the jurors could not have been received as a witness, to detail the conduct or information given by his fellow, in violation of the oath of |ecrecy.
*558 We find in the first act which requires the oath of se-' crecy to be omitted, and the name of the jurors who gave the information to be set down at the foot of the presentment, a provision connected with the others, that the said jurors should in na instancebe liable to any costs or suit, in consequence of such presentment. It is of the highest concern to the community, that the deliberations of grand jurors, and the exercise of the official duties, should be free, and unawed by fear of suit or trouble in consequence thereof. The well-being of society materially depends upon the punctual discharge of the duties of that inquest.
But it is asked, if this action does not lie, what security has an individual for his personal liberty and reputation, against the malice or persecution of those who may be put on the grand jury ?
It is answered, in the integrity of his own character ; the respectability of the persons who are to compose the inquest; the manner in which they are to be selected; their oath not to present from malice, hatred, or ill-will ; and moreover, in the traverse of the presentment, which is to be made by the venire.
The old writ of attaint, fallen long since into disuse, provided a mode of punishing the petit jury for a false verdict; but weknow of no method, either obsolete or in use, by which the grand inquest, or any of them, can be attainted of falsehood. From time immemorial, they have been considered as a component part of the courts of criminal jurisdiction ; as representing the whole community ; as forming a barrier against licentiousness in the citizen ; and unjust vexation by government, without probable cause. The important services required at their hands, are well explained in the oath administered. The free discharge of these duties, unintimidated by the trouble consequent, upon being put to shew the motives and probable cause by which the individual jurors were actuated, is of higher concern to the community at large, than an individual inconvenience which may now and then grow out of this branch of our jurisprudence.
Wherefore, it is the opinion of this court, that the action, as stated in the declaration against the grand jurors, whose names were set down, not as prosecutors, but as informers, according to the duties of the office, is nof maintainable by law. J udgment reversed.