## HUNTER *v.* MATHIS.

MALICIOUS PROSECUTION.—*Grand Jurors.*—During the whole time of their proceedings, grand jurors are protected in the discharge of their duties, and no action or prosecution can be supported against them in consequence of their finding, however it may be dictated by malice or be destitute of probable foundation.

SAME.—*Pleading.*—*General Denial.*—In an action against a grand juror for malicious prosecution, the defendant may avail himself of the protection afforded him by the law, under an answer of general denial.

APPEAL from the Warren Circuit Court.

Hunter *v*. Mathis.

DOWNEY, J.—This was an action by the appellee against the appellant and another for malicious prosecution. The defendant answered by a general denial. A trial by jury terminated in a verdict against the appellant for eight hundred dollars, and in favor of the other defendant. The appellant moved the court to grant a new trial for the reason, among others, that the evidence was not sufficient to justify the verdict of the jury. This motion was overruled and judgment rendered against the appellant for the amount mentioned in the verdict and costs.

The errors assigned, among other questions, present that relating to the correctness of the ruling of the court in refusing to grant a new trial.

The complaint charges that the appellant, maliciously, and without probable cause, procured the appellee to be indicted for a failure to comply with the estray law; that he was arrested, gave bail, and that the indictment was quashed on his motion, and alleges damages sustained by him in consequence of the prosecution.

The evidence shows that the appellant was foreman of the grand jury which found the indictment against the appellee, and all that he did and said in favor of finding the indictment was done and said as such grand juror. Some of the witnesses testify that he was active and zealous in favor of finding the indictment; that he requested the deputy prosecuting attorney to hunt up the law relating to the offence before the indictment was agreed upon, and that afterward he urged the prosecuting attorney to draw up the indictment.

Other witnesses thought that he was not more active in that than in other cases which came before the grand jury.

We are of the opinion that the judgment cannot be sustained. "During the whole of their proceedings, the grand jury are protected in the discharge of their duty, and no action or prosecution can be supported against them in consequence of their finding, however it may be dictated by malice, or destitute of probable foundation." 1 Chit. Crim. Law, 323. The doctrine on the subject is laid down in

1 *Hawkins* Pleas of the Crown, p. 349, ch. 72, sec. 5, as follows: "Yet it seems to be certain that no one is liable to any prosecution whatsoever, in respect of any verdict given by him in a criminal matter, either upon a grand or petit jury. For since the safety of the innocent, and punishment of the guilty, doth so much depend upon the fair and upright proceeding of the jurors, it is of the utmost consequence that they should be as little as possible under the influence of any passion whatsoever. And therefore lest they should be biassed with the fear of being harassed by a vexatious suit for acting according to their consciences (the danger of which might easily be insinuated, where powerful men are warmly engaged in a cause, and thoroughly prepossessed of the justice of the side which they espouse), the law will not leave any possibility for a prosecution of this kind."

Few persons would be willing to act as grand jurors, *if,* upon the testimony of their fellows or others who are entrusted with the performance of duties in connection with their deliberations concerning the manner in which they discharged their duties, whether with too much activity and zeal or not, they would be liable to be subjected to an action and to the payment of damages. Doubtless, if we should depart from the rule which has come down to us approved by the wisdom of ages, we should soon appreciate more fully the wisdom of the rule and the reasons upon which it is founded. Let it be conceded that grand jurors are sometimes influenced by improper motives, which it is believed is not often the case, and still the evils which would result from any other rule would be far more frequent and pernicious than those resulting from this.

There are several other questions presented by the assignment of errors, which would require serious and thorough examination before we could affirm the judgment. We are so fully satisfied, however, that the judgment should be reversed upon the evidence, that we think it not necessary to consider the questions to which we have alluded.

Hunter *v*. Mathis.

The judgment is reversed, with costs, and the cause remanded, with instructions to grant a new trial, and for further proceedings in accordance with this opinion.

ON PETITION FOR A REHEARING.

DOWNEY, J.—A petition for a rehearing has been filed in this case, in which it is contended with great apparent earnestness that the fact that the appellant was a grand juror must have been specially pleaded, in order to entitle him to the protection of the law, and that if such was not the case, there was no legal evidence that he was a grand juror.

In support of the first position reference is made to sec. 66 and sec. 91 of the code. The first named section declares that defences, except the mere denial of the facts alleged by the plaintiff, shall be pleaded specially; and the last named section declares that under a mere denial of any allegation no evidence shall be introduced which does not tend to negative what the party making the allegation is bound to prove.

We cannot perceive the force of the citations in support of the position for which counsel contends. The plaintiff alleges in his complaint that the defendant instituted the prosecution against him, first, maliciously; and, second, without probable cause. These two propositions, with the other necessary fact or facts, he was bound to prove under the general denial; and, according to the section of the code last quoted, the defendant might give any evidence which tended to negative either or both of them. In *Ammerman* v. *Crosby*, 26 Ind. 451, where there was no answer except a general denial, this court said: "This suit is for a malicious prosecution against the defendant, for causing such arrest and imprisonment. In order to sustain the action, it was necessary that the prosecution should have been instituted without probable cause, and also that it should have been done maliciously. The want of probable cause was not sufficient without malice, nor would malice be sufficient if there was probable cause. The jury may infer malice from the want of

probable cause, as a matter of fact, but no such inference arises as a matter of law. Any evidence tending to show probable cause, or rebut any inference or proof of malice, would be legitimate. *Newell* v. *Downs*, 8 Blackf. 523; *Wilkinson* v. *Arnold*, 11 Ind. 45." Before the enactment of the code, such evidence was admissible under the general issue. 1 Chit. Plead. 491; *Radde* v. *Ruckgaber*, 3 Duer, 684; *Black* v. *Sugg*, Hardin, 556; *Stone* v. *Stevens*, 12 Conn. 219; *Rost* v. *Harris*, 12 Abbott Pr. 446; 2 Greenl. Ev., sec. 457.

As to the question of evidence, it should be enough to say that not only was there no objection to the evidence adduced to show that the defendant was a grand juror and the foreman of the grand jury; but the evidence, consisting of the indictment, with the indorsement of the defendant thereon as foreman, and the evidence of several witnesses to the fact, was introduced by the plaintiff, as a part of the evidence to make out his case. It should not now be contended that the best evidence was not produced of which the case would allow, if this evidence should be held to be secondary. We are referred by counsel to the case of *The President, etc., of The C. & W. R. R. Co.* v. *Wright*, 5 Ind. 252, and 1 Smith Lead. Cas. 765 and 773. But these authorities refer to cases of trespass, where the matters of defence were by way of confession and avoidance, and not cases like the one under consideration, where the fact to be proved or disproved was one of the essential facts to be made out in order to sustain the plaintiff's action.

The petition is overruled.

*J. McCabe*, for appellant.

*J. Buchanan*, for appellee.