ANDREW SIDENER

v.

GEORGE RUSSELL.

*Malicious Prosecution—Action for—Grand Juror.*

A grand juror can not be held liable in an action for malicious prosecution for what he says and does as a member of the grand jury.

[Opinion filed February 4, 1890.]

APPEAL from the Circuit Court of Massac County; the Hon. R. W. McCARTNEY, Judge, presiding.

Messrs. COURTNEY & HELM, for appellant.

Messrs. MULKEY & SONS, for appellee.

REEVES, P. J.  The declaration alleges that the defendant, on the 21st, 22d, 23d, 24th and 25th days of November, 1885, at the county of Massac, etc., went and appeared as a member of the grand jury, then in regular session, before such grand jury, and falsely and maliciously and without any reasonable cause whatever charged the plaintiff with having wilfully, corruptly and falsely sworn in a matter material to the issue in a certain suit before one Charles Barefield, a justice of the peace, in said county, in which suit the said Andrew Sidener was plaintiff, and George W. Russell, the plaintiff herein, was one of the defendants, and upon such charge the defendant falsely, maliciously, and without any probable cause whatever caused an indictment to be found against the plaintiff for the crime of perjury, on which he was afterward tried and acquitted.  The case was tried upon a plea of not guilty and a judgment recovered by plaintiff.

 It will be seen that the declaration charges that appellant, being a member of the grand jury of Massac county, in November, 1885, charged appellee with a crime, and upon such charge caused an indictment to be found against him.  We know that all that appellant could personally do before the

grand jury, was to bring to the attention of the grand jury information that an offense had been committed, suggest the names of witnesses to testify as to the charge, and testify himself. All that the declaration avers that he did do in bringing about the indictment of appellee was done as a member of the grand jury. The question, then, to be determined is, can a grand juror be held liable in an action for malicious prosecution for what he says or does as a member of the grand jury. We think clearly he can not. All authorities so far as we have been able to extend our examination are agreed that such an action can not be maintained.

Chitty, in his work on Criminal Law, Vol. 1, p. 323, says: "During the whole of their proceedings the grand jury are protected in the discharge of their duties and no action or prosecution can be supported against them in consequence of their finding, however it may be dictated by malice, or destitute of probable foundation."

In Hawkins' Pleas of the Crown, Vol. 1, p. 349, it is said: "Yet it seems to be certain that no one is liable to any prosecution whatsoever in respect of any verdict given by him in a criminal matter, either upon a grand or petit jury. For since the safety of the innocent and punishment of the guilty doth so much depend upon the fair and upright proceeding of the jurors, it is of the utmost consequence that they should be as little as possible under the influence of any passion whatsoever. And, therefore, lest they should be biased with the fear of being harassed by a vexatious suit for acting according to their consciences (the danger of which might easily be insinuated, where powerful men are warmly engaged in a cause and thoroughly prepossessed of the justice of the side which they espouse), the law will not leave any possibility for a prosecution of this kind."

The following cases hold the same doctrine: Black v. Sugg, Hardin (Ky.), 556; Ulman v. Abrams, 9 Bush (Ky.), 742; Tarpin v. Booth, 56 Cal. 65; Hunter v. Mathis, 40 Ind. 356.

The judgment of the Circuit Court is reversed, and as no recovery can be had upon the cause of action set out in the declaration, the cause will not be remanded.

*Judgment reversed.*