Belknap, ⎰
Feb. 5, 1907. ⎱

Moon *v.* Flack & *a.*

A threat by one member of a fraternal order to kill another furnishes probable cause for the institution of proceedings for the expulsion of the declarant, under a by-law providing that punishment for those guilty of "improper conduct."

Where members of a fraternal order have probable cause for believing a fellow-member to be guilty of misconduct, they are not liable for a conspiracy merely because they confederate together to procure the imposition of a penalty provided by the by-laws.

Members of a fraternal order who are charged with the duty of trying a fellow-member for an offence within the jurisdiction of the lodge are judicial officers, and are not liable in damages for wrongs committed by them while acting in that capacity.

Case, for libel, malicious prosecution, and conspiracy to unlawfully expel the plaintiff from a lodge of Odd Fellows, of which all the parties were members. At the close of the plaintiff's evidence the defendants' motion for a nonsuit was granted, subject to exception. Transferred from the November term, 1905, of the superior court by *Chamberlin,* J.

The count for libel was abandoned. The second count is for malicious prosecution in the lodge under its code of laws and rules, in which Moon was charged with conduct unbecoming an Odd Fellow in that he had threatened to shoot the defendant Clement. The third count alleges a conspiracy to institute the prosecution above referred to, and the prosecution of the same without probable or justifiable cause, in consequence of which the plaintiff was expelled and excluded from the lodge for a long time. It avers that the plaintiff was not guilty of any offence under the laws of the lodge, and that the lodge and its tribunals had no jurisdiction in the premises, but were induced to take unlawful cognizance and jurisdiction by the false show of authority and pretended performance of duty by the defendants, who were then officers of the lodge.

The constitution of the order provides that " any member found guilty of conduct unbecoming an Odd Fellow may be fined, reprimanded, suspended, or expelled, as the lodge of which he is a member may determine." The by-laws provide that " any member who shall be guilty of improper conduct in or out of the lodge . . . shall be subject to a fine, suspension, or expulsion." The rules of procedure provide for the appointment of a committee of five members for the trial of offences, who shall be " dis-

interested in the result of the controversy and not prejudiced against either of the parties to the proceeding." The accused may challenge not exceeding three of the committee.

The evidence tended to show that the plaintiff and the defendant Clement had some trouble, as a result of which the plaintiff filed charges against the latter in the lodge; and at a trial thereon the plaintiff said that Clement should never be Noble Grand, for he would shoot him first. Clement was acquitted. Subsequently the defendant Flack filed a written complaint against the plaintiff, charging him with conduct unbecoming an Odd Fellow in making the threat above referred to. The plaintiff, being duly notified of the complaint and of the time for the hearing, appeared and said he was ready for trial. Flack as the Noble Grand and Clement as the Vice Grand appointed the committee. The defendant Fogg was appointed on the committee, and at first declined to serve on the ground that he should vote to expel Moon; but upon being urged to serve by Flack, he consented to do so. The plaintiff was asked if he had any objection to the committee and said he had none, but that he thought it was a "put-up job." When the committee met for the trial the plaintiff was not present, but he wrote a letter saying the committee could go on, "as the Noble Grand can of course prove his charges." Eight witnesses testified to the language used by the plaintiff. It did not appear that the committee was sworn, as provided in the by-laws. A majority of the committee reported that the accused was guilty as charged and recommended expulsion; one member of the committee recommended suspension for three years. Both recommendations were at first rejected, but subsequently a vote for expulsion was passed. The plaintiff appealed to the grand lodge and was restored to membership. There was other evidence showing that the defendants entertained hostile feelings toward the plaintiff.

*Napoleon J. Dyer* and *David F. Dudley*, for the plaintiff.

*Frank M. Beckford*, *Walter S. Peaslee*, *Charles B. Hibbard*, and *Oscar L. Young*, for the defendants.

WALKER, J. One count charges the defendants with malicious prosecution in instituting and carrying on a proceeding in the lodge, of which all the parties are members, for the expulsion of the plaintiff. In order to sustain an action of this character, it is necessary for the plaintiff to show that the defendants instituted the prosecution against him, without having probable cause to believe he was guilty of the offence charged. *Cohn* v. *Saidel*, 71 N. H. 558, 566. To say that a threat by one member of a frater-

nal order to kill another would not furnish probable cause for the latter to believe that the former was guilty of "improper conduct," or conduct "unbecoming" a member, within the meaning of a by-law providing for the expulsion of members so offending, would be to deprive language of its obvious and ordinary meaning. The plaintiff admitted that he used the threatening language, but claims that it constituted no offence under the by-laws. Evidently, the defendants were justified in believing that it did have that character and in submitting the question to the lodge, the proper tribunal to pass upon it. In the absence of evidence that they believed it was no offence, it cannot be said that they had no probable cause to believe the plaintiff was guilty of a violation of the by-law. The action under this count cannot be sustained.

The other count, upon which the plaintiff bases his right to recover, alleges a conspiracy on the part of the defendants in carrying on a prosecution against him in the lodge for his expulsion, without having probable cause to believe he was guilty. The charge alleged against him was the threatening language referred to in the other count; and for the reason above suggested, the defendants, even though they may have confederated together to bring about the plaintiff's expulsion from the lodge, are not liable for a conspiracy, since they had probable cause to believe he was guilty. In such a case it is unimportant how bitter and hostile the defendants' personal feelings were against the plaintiff, or how persistent they were in conspiring to cause his expulsion. 1 Cool. Torts (3d ed.) 210.

If this count may also be construed to include a conspiracy to induce the lodge to wrongfully take jurisdiction of the complaint and to vote for the plaintiff's expulsion, little doubt can be entertained upon the evidence that the lodge had jurisdiction. Upon the filing of the complaint, in accordance with the by-laws, alleging a violation by the plaintiff of a regulation of the order intended to promote friendly relations among the members, the lodge possessed the power to determine in the first instance the matter in issue, and to expel the respondent if found guilty. It follows, therefore, that the plaintiff's contention reduces itself to the proposition that the defendants, acting as officers of the lodge and charged with the duty of trying the plaintiff upon the complaint regularly filed against him, are liable in this action because they were prejudiced against him and proceeded in an irregular manner. But it is a sufficient answer to this position to say that they were judicial officers in the performance of that duty, and as such are not responsible in damages for their acts in that respect. To hold otherwise would be to violate fundamental principles relating to the administration of justice and the due and orderly settlement of private contentions.

The acts of Flack and Clement, as officers of the lodge, in appointing the committee, and the committee's acts in investigating the charge against the plaintiff, though irregular and reprehensible in many respects, were essentially judicial acts (Niblack Ben. Soc., s. 55), authorized by the contract of membership. Moreover, the plaintiff was duly notified of the hearing, was present, and did not object to any of the proceedings of which he now complains. His contract of membership, and his acquiescence in and practical submission to the tribunal as constituted, amounted to a waiver of any valid objection he might have had to the committee as a judicial board. *Sperry's Appeal*, 116 Pa. St. 391, 397; *Pitcher* v. *Board of Trade*, 121 Ill. 412, 420, 421. The members of the committee occupied the position of arbitrators whose appointment was agreed to by the plaintiff (*Jones* v. *Brown*, 54 Ia. 74), or of jurors selected with his assent. If they were so biased against the plaintiff and acted in such disregard of his rights, that upon appeal to the grand lodge, or upon proper proceedings in a court of law, their report or verdict would be set aside, it does not follow that they would be personally liable for the damages he may have suffered in consequence of their irregular or wrongful acts. If the plaintiff had not been reinstated by an order of the grand lodge, and he had applied by *mandamus* or some appropriate remedy to be restored to membership in the lodge, the right of the court to grant the relief would not involve the question here presented. He might succeed in such a proceeding and still have no right of action against the officers of the lodge for damages. His failure in this respect would be due to the rule of public policy (2 Cool. Torts, 3d ed., 793) which protects judicial officers and those exercising judicial functions, having jurisdiction, from liability in actions of tort for wrongs committed by them when acting in that capacity. "It has been repeatedly decided in this state, that where an officer or a board is called upon to pass upon evidence and decide, their conclusion cannot be collaterally attacked, and that they are not liable to answer in a suit for their action. The reason given in the cases is that such action is judicial." *State* v. *Corron*, 73 N. H. 434, 455; *Jordan* v. *Hanson*, 49 N. H. 199; *Burnham* v. *Stevens*, 33 N. H. 247; *Greene* v. *Mead*, 18 N. H. 505; *Yates* v. *Lansing*, 5 Johns. 282; *Sidener* v. *Russell*, 34 Ill. App. 446; *Jones* v. *Brown*, 54 Ia. 74, 77, 78; *Turpen* v. *Booth*, 56 Cal. 65.

The ruling of the court directing a nonsuit was correct.

*Exception overruled.*

All concurred.