KATIE OSTMAN, Appellant, v. THEODORE C. BRUERE, Respondent.

Kansas City Court of Appeals, January 24, 1910.

PROSECUTING ATTORNEYS: Civil Liability. For resisting an officer in the service of an execution, plaintiff was prosecuted and convicted. She then sued the prosecuting attorney for damages charging that he maliciously overdid his part in the prosecution of the case in that he brow-beat and assaulted her with intemperate, vulgar and unnecessarily severe cross-examination. *Held*, that plaintiff's remedy was by objection to such reprehensible conduct. at the trial in the criminal prosecution and that everything of which she complains was a matter of exception in that case and cannot be made the subject of an independent suit.

Appeal from Boone Circuit Court.—*Hon. A. D. Burnes,* Judge.

AFFIRMED.

*W. H. Clopton* and *W. H. Rothwell* for appellant.

(1) A right of recovery in the plaintiff may exist though the facts are not such as to show a right of recovery in any of the common law forms of action. (2) A ministerial officer acting judicially is liable for damages if his acts be wilful and malicious. (3) A judicial officer is liable for his wrongs if the plan to

commit them is formed maliciously before the decision complained of is rendered. Ahearn v. Collins, 39 Mo. 145; McCord v. High, 24 Iowa 350; Reed v. Conway, 20 Mo. 53; Wilkes v. Dinsman, 7 How. (U. S.) 131; 1 Cooley on Torts, p. 354; Wilks v. Dinsman, 12 How. 405; Stewart v. Cooley, 23 Minn. 350.

*C. W. Wilson, T. F. McDearmon* and *Theodore C. Bruere, pro se,* for respondent.

(1) Appellant failed to perfect her appeal in the manner and within the time prescribed by law, and the rules of this court, and the judgment of the lower court should be affirmed. R. S. 1899, secs. 812, 813; Rule 25, Kansas City Court of Appeals. (2) The allegation contained in both counts of the petition, that appellant was convicted of resisting and assaulting a constable in serving an execution, is conclusive evidence of the existence of probable cause for the institution of the prosecution complained of and is fatal to a recovery in this cause. Boogher v. Hough, 99 Mo. 183; Ruth v. Transit Co., 98 Mo. App. 1. (3) The allegations and matters complained of in the petition that respondent by trick and artifice, and by browbeating the plaintiff and by fierce, intemperate and unofficial cross-examination of the plaintiff and in asking her and compelling her to answer questions, etc.," procured a conviction of plaintiff, are all matters for the trial court to have passed upon and unless the plaintiff alleges conspiracy with the judge are matters creating no cause of action. (4) The petition fails to state that the acts of the respondent complained of and alleged to have been committed before the trial judge were objected to by appellant at the trial of the case. This omission is fatal to the charge. (5) The petition is fatally defective in that it fails to charge that the prosecution was without probable cause or that appellant was innocent of the

charge of which she was convicted. Ruth v. Transit Co., 98 Mo. App. 1; Jordan v. Railroad, 105 Mo. App. 446; Stubbs v. Mulholland, 168 Mo. 74. (6) The petition is fatally defective in that it fails to allege that the prosecution complained of has finally terminated in favor of appellant. Ruth v. Transit Co., 98 Mo. App. 1. (7) The petition is fatally defective in that it fails to allege that the respondent commenced the prosecution complained of. R. S. 1899, art. XII, p. 706; Ruth v. Transit Co., 98 Mo. App. 1; Boden v. Transit Co., 108 Mo. App. 702. (8) The allegations contained in the first count of the petition, if true, that respondent held the bill of exceptions and transmitted them too late for the trial judge to sign, states no cause of action.

JOHNSON, J.—The petition is in two counts but reference needs be made to but one since the issues attempted to be raised in each cover the whole case. The action is for compensatory and punitive damages, and its gravamen is that defendant, as prosecuting attorney of St. Charles county, maliciously misused and abused his office to the humiliation and pecuniary injury of plaintiff. Defendant demurred on the ground that the petition fails to state a cause of action. The demurrer was sustained, plaintiff refused to plead further and the cause is here on her appeal. The petition is as follows:

"For her second amended petition filed by leave of Court, plaintiff for her first cause of action says that prior to the 5th day of December, 1904, defendant, Theodore C. Bruere, had been elected and had qualified as prosecuting attorney for the County of St. Charles, State of Missouri. That for a long time prior to the said date, plaintiff had been a resident of said county.

"That defendant as prosecuting attorney of said county contriving and intending to injure and oppress

plaintiff, wickedly, mischievously, wilfully and maliciously and without just cause did abuse and misuse the powers of his office, conferred upon him by law, by filing on the 10th day of December, 1904, with a justice of the peace, in the city of St. Charles, an information charging plaintiff with wilfully and unlawfully obstructing, resisting and opposing a constable in serving an execution held by the constable on the property of Henry Ostman.

"Plaintiff says that defendant as prosecuting attorney caused plaintiff to be arrested under a warrant issued on said information and defendant was required to give bond for her appearance; that plaintiff had said prosecution removed by a change of venue to the court of Justice Perkinson, where on the 23rd of January, 1905, defendant again appeared to prosecute plaintiff under the charges aforesaid, and in furtherance of his aforesaid wicked, mischievous, wilful and malicious abuse and misuse of the powers conferred on him by statutes of the State and by tricks and artifices and undue influence, which tricks and artifice and undue influence consisted in defendant browbeating the plaintiff and by fierce, intemperate and unofficial cross examination of the plaintiff, and in asking her and compelling her to answer questions which answer contained vulgar and disgusting language, the words of which are unfit to be stated in this petition, and for that reason are not inserted here; and by improperly appealing to the justice to find plaintiff guilty, caused and procured said justice of the peace to find plaintiff guilty as charged in said information and to impose a fine of ten (10) dollars on plaintiff and that the costs of said prosecution be taxed against her.

"Plaintiff says that in due time she perfected her appeal to the circuit court of the county of St. Charles and on the 15th and 16th days of September, 1905, plaintiff was again put upon her trial before a jury in said circuit court; that defendant again appeared to

prosecute her and in pursuance of his aforesaid wicked, mischievous, wilful and malicious abuse and misuse of his office and by repeating the tricks and artifices aforesaid and by undue influence over the minds of the jury and by appealing to the prejudices of the jury and by his misconduct in his argument before the jury, caused and procured a verdict of guilty and the assessment of a fine against plaintiff of $100, and the costs of the prosecution.

"Plaintiff says that in due time she filed her motion for a new trial and in arrest of judgment in said case, which motions were resisted by defendant and they were overruled.

"That she appealed from the judgment of the circuit court in said case to the St. Louis Court of Appeals and gave a supersedeas bond, and the court entered an order that defendant in said case (who is plaintiff here) was allowed until the 1st day of August, 1906, to file her bill of exceptions; plaintiff says that because the court stenographer was unable to write up the report of the evidence in said case within said time, defendant Bruere and counsel for plaintiff in this case, agreed that the time for filing said bill of exceptions be extended ten (10) days; that on the 31st day of July, 1906, she caused to be delivered to defendant, Theodore C. Bruere, her bill of exceptions, and said Bruere then promised plaintiff's attorney that he would examine said bill of exceptions and forward it to the judge of the circuit court of St. Charles county in time to be signed by the judge and filed with the clerk of the court.

"That defendant Bruere in furtherance of his aforesaid wicked, mischievous, wilful and malicious purpose, by an abuse and misuse of the powers of his office to injure and oppress plaintiff held and retained said bill of exceptions until when transmitted to the judge of said circuit court at his place of residence said bill of exceptions did not reach said judge in time to

be by him signed and remitted to the clerk of the circuit court of St. Charles to be filed by him within the time limited by the order of the court.

"Plaintiff says she was advised by her counsel and had good reason to believe that she had been aggrieved by the judgment of the court and that said judgment would be reversed by the appellate court; but plaintiff says that said court of appeals refused to consider said case on its merits because the bill of exceptions had not been filed in time.

"Plaintiff says that the cost of the transcript of the evidence in said case was $42, which she paid; that the clerk's fee for a copy thereof to be put in the record on appeal to the Court of Appeals was $49.30 which she paid and that that amount of the fine and costs amounted to $165.15, which she paid.

"Plaintiff says that by reason of the premises she has been greatly humiliated and shamed; that she has been actually damaged by reason of said prosecution in the sum of $500 for which she prays judgment, and by reason of the wicked, mischievous, wilful and malicious abuse and misuse of the powers of his office by defendant, plaintiff has been damaged in the sum of one thousand ($1,000) dollars as punitive damages for which sum plaintiff prays judgment."

This petition is so glaringly bad that it is difficult to regard it seriously. There is no averment that plaintiff was innocent of the offense of which she was convicted. The facts alleged show not only the existence of probable cause for the prosecution, but that the guilt of plaintiff has been judicially established, and there is no charge of fraud in the procurement of the judgment as that term is understood in legal parlance. There is an absence of the essential elements of a cause of action for malicious prosecution. [Boogher v. Hough, 99 Mo. 183; Ruth v. Transit Co., 98 Mo. App. 1; Jordan v. Railroad, 105 Mo. App. 446; Stubbs v. Mulholland, 168 Mo. l. c. 74.] This is conceded by plaintiff,

and she seeks to base her action on the ground that defendant maliciously overdid his part in securing her conviction. Stripped of adjective epithets, the charge of plaintiff is that in the trials of the criminal case, defendant browbeat her and assaulted her with an intemperate, vulgar and unnecessarily severe cross-examination. If that is so, plaintiff had her remedy and her only remedy in that case. She should have objected to such reprehensible conduct, and if the court would not sustain her objections and hold defendant within proper bounds, she should have excepted and brought her exceptions to the Court of Appeals. Everything of which she complains was a matter of exception in that case and cannot be made the subject of an independent suit. It was plaintiff's own fault that she failed to preserve her exceptions and she cannot be suffered to escape the rightful consequences of her own neglect by what, in effect, is a palpable attempt to reopen a case finally adjudicated. The petition states no cause of action. Affirmed. All concur.