Coös,
Jan. 1, 1935.

ALICE LAVIGNE

*v.*

ARTHUR LAVIGNE, JR., *& a.*

*Coulombe & Coulombe* (*Mr. Ovide J. Coulombe* orally), for the plaintiff.

*Matthew J. Ryan* (by brief and orally), for the defendant, Arthur Lavigne, Sr.

BRANCH, J. The extent of a surety's liability depends upon the terms of his contract. *Brown Durrell Co.* v. *Belisle*, 83 N.H. 516. "It is possible for a surety to promise to pay whatever debt the principal may owe. On the other hand, the surety's promise may be to pay a stated sum or render a fixed performance for which the principal also purports to bind himself. If the contract is of the former sort it is obvious that by the very terms of his contract the surety is liable for nothing if the principal is under no liability." II Williston, Contracts, *s.* 1213. In all cases where the surety stipulates merely to guarantee "the performance of the principal's engagement" (*Weare* v. *Sawyer*, 44 N. H. 198, 205) it is accurate enough to say that "the liability of the surety is co-extensive only with that of the principal." (*Ib.*) To such cases the following principle applies: "The general rule is that the liability of the surety is commensurate with that of his principal, and the former may set up any defense, legal or equitable, which is available to the latter." Childs, Suretyship and Guaranty, 232; Stearns, Suretyship, (3d *ed.*) *s.* 102; 21 R. C. L. Tit., Principal and Surety, *s.* 27. The application of this principle is illustrated in the case of *Galleher* v. *O'Grady*, 78 N. H. 343.

In the present case it plainly appears from the language of the condition of the bond that the sureties guaranteed nothing except the performance of the principal's obligation, and the decisive inquiry, therefore, is whether the agreed facts disclose any legal or equitable defence which was available to Arthur Lavigne, Jr., the principal named in the bond. If such a defence existed, it is equally available to Arthur Lavigne, Sr., the surety, whose liability is at issue here. Intervening impossibility of performance on the part of the principal is the defence upon which the surety relies in this case.

Ever since the case of *Paradine* v. *Jane*, Aleyn 26, was decided in 1647, it has been well understood that there is a clear distinction

between obligations created by contract and those created by law as regards impossibility of performance as a defence. 5 Page, Contracts, s. 2674; *Note* to *Runyon* v. *Culver* (168 Ky. 45) in L. R. A. 1916 F, 315. Thus it has been said that "when a party by his own contract creates a duty or charge upon himself he is bound to make it good, notwithstanding any accident or delay by inevitable necessity because he might have provided against it by his contract. It is otherwise, however, when the duty is created by law." *Deming* v. *Railroad*, 48 N. H. 455, 460, 472, 473; *Reed* v. *Hatch*, 55 N. H. 327, 337. "Where the law creates a duty or charge, and the party is disabled to perform it without any default in him, and he hath no remedy over, there the law will excuse him." *Paradine* v. *Jane, supra.*

The most common application of this principle is found in cases of common carriers where it is held that a breach of their law-imposed obligation to make safe delivery is excused by impossibility of performance. 5 Page, Contracts, s. 2674. In *Horter* v. *Mullen*, 159 N. Y. 28, the rule was applied to relieve a tenant from the consequences of his failure to vacate his tenement at the end of the term because of the impossibility of moving a member of his family at that time on account of sickness. It would seem that the case of *Grove* v. *Johnston*, 24 L. R. Ir. 352, which involved the obligation of a tax collector to perform the duties of his office, might well rest upon this principle, although the court based its decision upon the closely related rule that a duty which requires for its performance action that can be rendered only by the promisor is discharged by his death or such illness as makes the necessary action by him impossible. 3 Williston, Contracts, s. 1940.

The obligation of a father to support his child is clearly a law-imposed duty, and since the bond in suit is an undertaking to secure the performance of this obligation, the above principle might well be held to apply.

Doubt as to the applicability of this principle may arise, however, from the fact that in the present case the parental obligation of Arthur Lavigne, Jr., was commuted by order of court into one requiring the payment of a sum of money each week and that the bond is, in terms, conditioned only upon the making of such payments. If, for this reason, the bond is to be regarded only as a voluntary undertaking to secure the payment of money, the inability of the principal to pay would be regarded only as "subjective impossibility," (3 Williston, Contracts, s. 1932) which does not excuse the performance of a contract.

It is not necessary for us to decide at this time, however, whether impossibility of performance due to the illness of the principal constitutes a defence as a matter of law in the present case, since the defendant is clearly entitled to relief upon another ground. Under the agreed facts, it cannot be doubted that the principal was entitled in equity to have the order for support vacated from the date of his disability. This would have relieved the defendant from his obligation as surety upon the bond. Under our informal system of procedure, it is equally clear that the surety had a right to intervene in the proceeding brought by the principal in his lifetime to secure a revision of the order and prosecute the same to judgment. It is not suggested that the defendant's failure to do so before the principal died was prejudicial to the plaintiff, and there is no apparent reason why he should not now assert that right. An order should, therefore, be made *nunc pro tunc*, vacating the order for support as of the date when the principal's disability began, and in the present proceeding judgment should be entered for the defendant.

*Judgment for the defendant.*

All concurred.