PHELPS v. DAWSON, Commissioner of Insurance within and for South Dakota, et al.

SAME v. AMERICAN SURETY CO. OF NEW YORK.

Nos. 11038, 11039.

Circuit Court of Appeals, Eighth Circuit.

June 9, 1938.

Bernt O. Stordahl, of Sioux Falls, S. D., for appellant.

R. F. Drewry, of Pierre, S. D. (Clair Roddewig, of Winner, S. D., on the brief), for appellees W. J. Dawson et al.

M. T. Woods, of Sioux Falls, S. D. (Bailey, Voorhees, Woods & Bottum, of Sioux Falls, S. D., on the brief), for appellee American Surety Co.

Before STONE, WOODROUGH, and BOOTH, Circuit Judges.

STONE, Circuit Judge.

Appellant, Edna Phelps, brought an action for malicious prosecution against appellees, W. J. Dawson (Commissioner of Insurance of South Dakota and ex officio State Fire Marshal), Charles E. Tice (a

deputy State Fire Marshal) and American Surety Company (surety upon the official bonds of Dawson and Tice). Demurrers were filed by the defendants. These demurrers were sustained on the ground that the petition failed to state a cause of action against the particular defendant. Thereafter, a judgment was entered dismissing the petition as to Dawson and Tice and another judgment dismissing the petition as to the surety company. From these two judgments, plaintiff appeals.

While several points have been briefed and argued, we need discuss but two since they are decisive. The first of these is whether the State Fire Marshal and the deputy State Fire Marshal are liable under the allegations of the petition. The second is whether the surety company is liable even though the two individual defendants are not.

The petition is, in substance, as follows: A house belonging to plaintiff and located in South Dakota burned. Tice, as deputy State Fire Marshal, investigated the fire. Thereafter, he signed and swore to a complaint before a justice of the peace wherein plaintiff was charged with arson of the house. A trial of this charge resulted in a judgment of acquittal entered upon a verdict directed by the court on the ground of insufficient evidence. In lodging this charge, Tice acted without probable cause and was actuated by malice. Dawson, the superior of Tice, was responsible for this malicious act of Tice. The surety company was on the official bonds of Dawson and of Tice for the faithful performance of their official duties.

### 1. Liability of Dawson and of Tice.

▉▉▉ Under the statutes of South Dakota, it is made the duty of the Fire Marshal and of the deputy Fire Marshals to investigate all fires resulting in property damage (R. C. of S. D. of 1919, Sec. 9122). Also, it is provided that "if he [the Fire Marshal or a deputy] shall be of the opinion that there is evidence sufficient to charge any person with the crime of arson, he shall cause such person to be arrested and charged with such offense" (Section 9123).

The question here is whether a deputy Fire Marshal in making such a charge is liable for damages if he does so without probable cause and with malice. The answer must be that he is not. The reason is that, in instituting such a charge, he is acting in a so-called quasi-judicial capacity connected with the enforcement of the criminal law. Broadly speaking, it is his official duty to institute such proceedings. His action in so doing is, under the statute, to be the result of his honest judgment based upon the results of his investigation. He has a choice—sometimes called a "discretion"—to initiate or not to initiate such a criminal proceeding. The public welfare requires that this choice shall be free of all fear of personal liability. To assure this freedom of action it is deemed best to make that assurance positive and definite by securing him against even actions based upon a malicious abuse of his official power.

Counsel have not cited and we have been unable to find any decision of the Supreme Court of South Dakota bearing upon the issue here. Hence, we are compelled to determine this issue by the law as stated in other jurisdictions. This rule of law has been frequently announced and is established. Yaselli v. Goff, 275 U.S. 503, 48 S.Ct. 155, 72 L.Ed. 395, affirming 2 Cir., 12 F.2d 396, 56 A.L.R. 1239; Alzua v. Johnson, 231 U.S. 106, 111, 34 S.Ct. 27, 58 L.Ed. 142; Spalding v. Vilas, 161 U.S. 483, 16 S.Ct. 631, 40 L.Ed. 780; Bradley v. Fisher, 13 Wall. 335, 347, 20 L.Ed. 646; Lang v. Wood, 67 App.D.C. 287, 92 F.2d 211. Also see Brown v. Rudolph, 58 App. D.C. 116, 25 F.2d 540, 541, certiorari denied 277 U.S. 605, 48 S.Ct. 601, 72 L.Ed. 1011. This rule finds its genesis in the necessary protection of courts in the impartial, uninfluenced discharge of judicial duties.[1] The principle has been extended to include certain other officials who are necessary implements in enforcing the criminal laws— such as grand jurors (Yaselli v. Goff, 2 Cir., 12 F.2d 396, 403, 56 A.L.R. 1239; Sidener v. Russell, 34 Ill.App. 446; Griffith v. Slinkard, 146 Ind. 117, 44 N.E. 1001; Hunter v. Mathis, 40 Ind. 356; Engelke v. Chouteau, 98 Mo. 629, 12 S.W. 358; Turpen v. Booth, 56 Cal. 65, 38 Am.Rep. 48; Ullman v.

---

[1] This rule as to judges was announced as far back as 1608 in Floyd v. Barker, 12 Coke 25. Also see Spalding v. Vilas, 161 U.S. 483, 494, 16 S.Ct. 631, 40 L. Ed. 780; Bradley v. Fisher, 13 Wall. 335, 347, 20 L.Ed. 646; Randall v. Brigham, 7 Wall. 523, 536, 19 L.Ed. 285; Yates v. Lansing, 5 Johns., N.Y., 282, and Id., 9 Johns., N.Y., 395, 6 Am.Dec. 290; Fray v. Blackburn, 3 B. & S. 576; Scott v. Stansfield, L.R. 3 Ex. 220; Taaffe v. Downes, (Ir.) 3 Moore's Privy Council 41.

Abrams, 9 Bush., Ky., 738; Black v. Sugg, 3 Ky. 556, Hardin 556; 1 Hawkins' Pleas of the Crown 349) petit jurors (Yaselli v. Goff, 2 Cir., 12 F.2d 396, 403, 56 A.L.R. 1239; 1 Hawkins' Pleas of the Crown 349) and (although there is early authority to the contrary) various kinds of prosecutors (Yaselli v. Goff, 2 Cir., 12 F.2d 396, 399, 56 A.L.R. 1239; Watts v. Gerking, 111 Or. 641, 654, 222 P. 318, 228 P. 135, 34 A.L.R. 1489; Smith v. Parman, 101 Kan. 115, 165 P. 663, L.R.A.1917F, 698; Griffith v. Slinkard, 146 Ind. 117, 44 N.E. 1001; Anderson v. Manley, 181 Wash. 327, 43 P.2d 39; Pearson v. Reed, 6 Cal.App.2d 277, 44 P.2d 592; Semmes v. Collins, 120 Miss. 265, 82 So. 145; Ostman v. Bruere, 141 Mo. App. 240, 124 S.W. 1059).[2] In Brown v. Rudolph, 58 App.D.C. 116, 25 F.2d 540, certiorari denied 277 U.S. 605, 48 S.Ct. 601, 72 L.Ed. 1011, the rule was applied by the Court of Appeals for the District of Columbia to the Commissioners of the District who had filed lunacy proceedings against the plaintiff.

When we consider the statutory duty of the deputy Fire Marshal to investigate fires and to initiate prosecutions for arson; the character of those duties; and the effect of the exercise thereof upon the protection of the public from a serious crime, we think the exercise of such duties requires, for the public protection, immunity from personal liability. Such duties are within the principle of the above rules of law. Since the Fire Marshal is charged only because he was the superior officer of the deputy who initiated this arson charge, it follows that he too cannot be held liable

under this petition. This disposes of the appeal from the judgment entered in favor of these two individual defendants.

## 2. Liability of the Surety.

Appellant contends that the judgment in favor of the surety company should be reversed because the petition pleads a violation of the conditions of the above bonds executed by it. The petition does so plead. Since we hold that the principals in the bonds are not liable, the question of liability of the surety becomes a question of whether the surety on these bonds is liable when the principals, for reasons hereinbefore given, cannot be held liable.

Appellant cites United States v. Perkins, 8 Cir., 280 F. 546; Seneca Independent School District v. Traver, 63 S.D. 68, 256 N.W. 365; Burkland v. Bliss, 62 S.D. 91, 252 N.W. 25; 46 C.J. 1068 and 1071; 22 R.C.L. 496, 497, 586 and 587. In none of these citations is involved the legal issue before us.

The rule of law which governs the liability of sureties upon bonds generally is that the surety is not liable unless the principal is and, therefore, may plead any defense available to the principal. To this general rule there is a recognized exception which has been broadly stated as follows: That the surety is not excused "where the principal, when sued, takes advantage of a matter of defense which is altogether of a personal character, or where the extinction of the principal's obligation arises from a cause which originates in the law" (21 R. C.L. 974, Section 27).[3] The only authority

---

[2] Immunity has been applied to various executive officers—such as the Postmaster General (Spalding v. Vilas, 161 U.S. 483, 16 S.Ct. 631, 40 L.Ed. 780), the Attorney General (Lang v. Wood, 67 App. D.C. 287, 92 F.2d 211), the Secretary or assistant Secretary of the Treasury (Standard Nut Margarine Co. v. Mellon, 63 App.D.C. 339, 72 F.2d 557, certiorari denied 293 U.S. 605, 55 S.Ct. 124, 79 L. Ed. 696; Mellon v. Brewer, 57 App.D.C. 126, 18 F.2d 168, 53 A.L.R. 1519, certiorari denied 275 U.S. 530, 48 S.Ct. 28, 72 L. Ed. 409), Parole Board members and Parole Board Executive (Lang v. Wood, supra), United States Consul (United States v. Brunswick, 63 App.D.C. 65, 69 F.2d 383), Commissioners of District of Columbia (Brown v. Rudolph, 58 App.D.C. 116, 25 F.2d 540, certiorari denied 277 U.S. 605, 48 S.Ct. 601, 72 L.Ed. 1011), Chief of Record and Pension Office of the War

Department (De Arnaud v. Ainsworth, 24 App.D.C. 167, 5 L.R.A.,N.S., 163 and note), State Fish Inspector (Fath v. Koeppel, 72 Wis. 289, 39 N.W. 539, 7 Am.St.Rep. 867), State Building and Loan Commissioner (Jones v. Richardson, 9 Cal.App.2d 657, 50 P.2d 810), City Building Inspector and City Manager (White v. Brinkman, Cal.App., 73 P.2d 254), Agent of State Governor to extradite accused (In re Titus, Fed.Cas. No. 14,062), Board of Health (Raymond v. Fish, 51 Conn. 80, 50 Am.Rep. 3), Inspector of Provisions (Seaman v. Patten, 2 Caines, N.Y., 312), Board of Pilot Commissioners (Downer v. Lent, 6 Cal. 94, 65 Am.Dec. 489), and Board of Tax Equalizers (Steele v. Dunham, 26 Wis. 393). Also see application to army officer in Dawkins v. Lord Rokeby, L.R. 8 Q.B. 255, L.R. 7 H.L. 744.

[3] This exception has found expression

we have been able to find which bears directly upon the issue here is Anderson v. Manley, 181 Wash. 327, 43 P.2d 39. In that case, suit was against a prosecuting attorney and the surety upon his official bond for malicious prosecution. The holding was that the act of the prosecuting attorney upon which suit was brought was within his official immunity and that both he and the surety were immune.

We have found three South Dakota cases which deal with or contain expressions concerning the liability of a surety where the principal may escape liability but none of these was a case where the principal was immune because of the public policy treated in the earlier point in this opinion.[4] Since we find no guiding decision from the Supreme Court of South Dakota, from the Supreme Court of the United States or from this Court and since we find but one decision in other jurisdictions, we deem it proper to examine the matter. The considerations hereafter stated move us to deny liability of the surety here. The immunity given the principals of these bonds is in no sense a personal privilege nor is it one arising from any legal incapacity in them. The sole basis of such immunity is a public policy resting entirely upon the public good to be brought about by having the official action of certain classes of public officials entirely uninfluenced by apprehension of personal civil liability. Spalding v. Vilas, 161 U.S. 483, 498, 16 S.Ct. 631, 40 L.Ed. 780; Yaselli v. Goff, 2 Cir., 12 F.2d 396, 406, 56 A.L.R. 1239, affirmed per curiam 275 U.S. 503, 48 S.Ct. 155, 72 L.Ed. 395. To allow recovery against the surety as to such official acts would (a) result in weakening (if not entirely destroying) the effectiveness of this public policy or (b) it would make it burdensome or impossible to secure official bonds.

in the instances following—not always with entirely harmonious results.

Statute of Limitations—Hurst v. Charron, 267 Mich. 210, 255 N.W. 419; Michelin Tire Co. v. Delcourt, La.App., 149 So. 313; State v. Davis, 42 Or. 34, 71 P. 68, 72 P. 317; Ryus v. Gruble, 31 Kan. 767, 3 P. 518.

Release of principal by settlement—Iowa Bonding & Casualty Co. v. Wagner Co., 203 Iowa 179, 210 N.W. 775.

Lease not signed by all of lessees (principals)—McLaughlin v. McGovern, 34 Barb., N.Y., 208.

Right of principal to have his obligation modified—Lavigne v. Lavigne, 87 N. H. 223, 176 A. 282.

Release of principal in bankruptcy—U. S.C.A. Title 11, Sec. 34, notes 41–46; Benson v. Alleman, 220 Iowa 731, 263 N.W. 305.

Right of principal to moratorium—City of East Cleveland v. Fidelity & Deposit Co., D.C.Ohio, 5 F.Supp. 212.

Statute of frauds, recording statute, or other similar statute available to principal—Backus v. Feeks, 71 Wash. 508, 129 P. 86, Ann.Cas.1914C, 553; People's Lumber Co. v. Gillard, 136 Cal. 55, 68 P. 576; Kiessig v. Allspaugh, 99 Cal. 452, 34 P. 106.

Coverture or marital disability of principal—Gates v. Tebbetts, 83 Neb. 573, 119 N.W. 1120, 20 L.R.A.,N.S., 1000, 17 Ann. Cas. 1183; Davis v. Statts, 43 Ind. 103, 13 Am.Rep. 382; St. Albans Bank v. Dillon, 30 Vt. 122, 73 Am.Dec. 295; Smyley v. Head, 2 Rich., S.C., 590, 45 Am. Dec. 750; Bolyard v. Bolyard, 79 W.Va. 554, 91 S.E. 529, L.R.A.1917D, 440.

Minority of principal—Kyger v. Sipe, 89 Va. 507, 16 S.E. 627; McKee v. Harwood Automotive Co., 204 Ind. 233, 183 N.E. 646.

Insanity of principal—Burner v. Nutter, 77 W.Va. 256, 87 S.E. 359.

Principal a slave—Levy v. Wise, 15 La.Ann. 38.

Contract of principal ultra vires—Mitchell v. Hydraulic Bldg. Stone Co., 61 Tex.Civ.App. 131, 129 S.W. 148; Mason v. Nichols, 22 Wis. 376; Kaufman v. Christian-Wathen Lumber Co., Tex.Civ. App., 184 S.W. 1045.

4 Clark County v. Bergstresser, 63 S. D. 121, 257 N.W. 44, was a case involving the statute of limitations in an action on the bond of a county treasurer. Rathgaber v. Horton, 52 S.D. 436, 218 N.W. 148, was not an official bond but was against the guarantor of a note who sought immunity on the claimed ground of a rescission by the principal of the guaranteed contract. Birken v. Tapper, 45 S.D. 600, 189 N.W. 698, 24 A.L.R. 832, was a case of a guaranty of an ultra vires contract.

Possibly, an inference might be drawn from the statutes of South Dakota to the effect that a surety is not bound where the principal is not. This suggestion is based on the thoughts that those statutes recognize a difference between a surety and a guarantor (also see Howell v. Commissioner, 8 Cir., 69 F.2d 447, 450); that a guarantor is not exonerated "by the discharge of his principal by operation of law, without the intervention or omission of the creditor" (Sec. 1497); and that there is no like provision concerning sureties although the surety is given "all the rights of a guarantor" (Sec. 1505, italics added).

(a) It is a matter of general knowledge that there are decided practical advantages in having as surety on official bonds companies which made a business of such suretyship. It is equally well known that such companies nearly always have contracts of reimbursement from the principal upon such bonds. If they have no such contracts, the law implies such. Howell v. Commissioner, 8 Cir., 69 F.2d 447, 450, certiorari denied Howell v. Helvering, 292 U.S. 654, 54 S.Ct. 864, 78 L.Ed. 1503. This rule of reimbursement is applicable whether the surety be such a company or an individual. In South Dakota this right of reimbursement to the surety against the principal is given by statute. Comp.Laws, S.D.1929, secs. 1471, 1508 and 1509, and see John Deere Plow Co. v. Tuinstra, 47 S.D. 555, 200 N.W. 61; Heinrich v. Magee, 52 S.D. 371, 217 N.W. 631. Therefore, the situation is that, if the surety has to pay, it turns back upon the principal—the immune official— for full reimbursement. Thus the official is liable, in a roundabout way, for the official action which this rule of public policy declares he shall not be liable for directly. Such a situation weakens, if it does not destroy, all real effect of the public policy.

(b) If it be contended that this result could be avoided by extending the immunity of the official to such actions for reimbursement to the surety, then the obvious result would be great difficulty in securing official bonds—most of which (as here) are required by statute.

We think the proper course to pursue is to extend this immunity to the surety. By so doing, the full effect of the purpose of this public policy will be preserved.

The judgments here involved should be and each of them is affirmed.