### UNITED STATES ex rel. and to Use of BILLS et al. v. PERKINS et al.

(Circuit Court of Appeals, Eighth Circuit. March 27, 1922.)

#### No. 5750.

1. **Bankruptcy** ☞373—**Trustee's surety held liable for acts of trustee in maliciously defeating lien claim of holders of bankrupt's note, whether acts were solely for benefit of bankrupt's estate or in part for personal advantage.**

If trustee in bankruptcy, for the wrongful purpose of destroying the lien of holders of bankrupt's note secured by deed of trust on land, obtained possession of bankrupt's note secured by prior deed of trust on the same land, knowing it had been paid, and caused land to be sold under such prior deed of trust, and, after purchasing land at such sale, caused it to be sold at a trustee's sale, and, under collusive agreement with purchaser, purchaser quieted title in action by process calculated to escape actual knowledge by holders of such other note, the trustee's surety was liable to such holders, regardless of whether trustee acted solely for the benefit of the bankrupt's estate, or in part for personal advantage under color of his office.

2. **Officers** ☞129—**Sureties on official bonds liable for negligence or malfeasance of principal in performance of acts done virtute officii.**

Sureties on official bonds are liable for negligence or malfeasance of their principal in the performance of acts which are done virtute officii.

3. **Officers** ☞129, 135—**Condition of bond providing only for faithful discharge of official duties broken by mere negligence, without corruption, in the performance of a ministerial duty.**

Where official bond provides only for the faithful discharge by the principal of his official duties, the condition is broken by the mere negligence, without corruption, of the principal in the performance of a

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

ministerial duty, which performance does not involve the exercise of discretion. and, where the duty which has not been faithfully discharged was owing to the person injured, such person may sue on the bond.

In Error to the District Court of the United States for the Eastern District of Missouri; Charles B. Faris, Judge.

Suit by the United States, at the relation and to the use of Frank L. Bills and H. L. Ewing, a partnership, etc., against Joseph R. Perkins, trustee in bankruptcy of the estate of William C. Kaune, bankrupt, and another. Judgment of dismissal, and plaintiffs bring error. Reversed and remanded.

Clyde Gary, of St. Louis, Mo. (Frederick L. Cornwell and John T. Hicks, both of St. Louis, Mo., on the brief), for plaintiffs in error.

Jacob M. Lashly, of St. Louis, Mo. (Robert A. Holland, Jr., and Thomas G. Rutledge, both of St. Louis, Mo., on the brief), for defendants in error.

Before SANBORN and LEWIS, Circuit Judges, and VAN VAL-KENBURGH, District Judge.

VAN VALKENBURGH, District Judge. This suit was brought in the name of the United States and at the relation and to the use of plaintiffs in error, a copartnership doing business under the firm name and style of Frank L. Bills & Co. against Joseph R. Perkins, trustee in bankruptcy of the estate of William C. Kaune, bankrupt, and the Bankers' Surety Company, a corporation, and surety upon the bond of said trustee, to recover damages upon the trustee's bond for alleged malfeasance of the trustee in the administration of said estate. The damages laid exceed the penal sum nominated in the bond.

William C. Kaune was adjudged a bankrupt on the 13th day of February, 1911, and on the same day the defendant Perkins was duly elected and appointed as trustee, and qualified as such. He gave bond in the sum of $5,000, with the defendant Bankers' Surety Company as surety thereon. The amended petition below alleges that on or about the 5th day of October, 1910, the said Kaune was indebted to Bills & Co., for money advanced and loaned, in the sum of $6,541.81, for which a promissory note was given, secured by trust deed upon certain real estate therein described; that on the 28th day of April, 1911, the said trustee instituted in the District Court for the Easern District of Missouri an action wherein he sought to have canceled and adjudged void the note to plaintiffs in error, hereinabove referred to, and the deed of trust securing the same, alleging that the same were given with the intent to hinder, delay, and defraud creditors. On the same day a temporary restraining order was granted. Thereafter no further order of court concerning said temporary restraining order was made until the 2d day of October, 1917, when said cause came on to be heard. The court dismissed complainant's bill for failure of proof, and the temporary restraining order was dissolved.

The petition further alleges that theretofore, on the 26th day of September, 1910, said Kaune had executed to the Bank of Ironton, of Ironton, Mo., a promissory note in the sum of $2,000, secured by

deed of trust upon the same property, to which reference has been made, which was accordingly a first lien thereon, but that said note had been fully paid and discharged before said petition in bankruptcy was filed; the deed of trust, however, was not released of record; that the said Perkins wrongfully obtained possession of said note with knowledge that it had been paid, and caused the then acting sheriff of the county in which said lands are situated to sell under the deed of trust purporting to secure said $2,000 note, and at said sale said trustee became the purchaser; that thereafter the said trustee, wrongfully designing and contriving to deprive plaintiffs in error of what had then become a first and preferred lien on said land, and to injure them and deprive them of their lawful rights, did procure and cause to be issued by the referee in bankruptcy, having jurisdiction of said bankrupt estate, an order authorizing such trustee to sell the title and interest of the bankrupt in said land, the same being the interest acquired under and by virtue of the adjudication and of the trustee's sale aforesaid; that pursuant to said order said trustee, further designing and contriving to deprive plaintiffs in error of their lien, did execute and deliver to one Faris a pretended deed of conveyance for said land, and further did contrive with said Faris, and did advise, aid, and procure said Faris to institute in the proper state court an action to quiet the alleged and pretended title of Faris to said land, and did thereby cause and procure to be rendered by said court a final decree quieting said title in Faris.

Plaintiffs in error further allege that all said proceedings were unknown to them until the 2d day of October, 1917, when the restraining order against them was dissolved. It is further alleged that defendant Perkins, as such trustee, with the wrongful intent and purpose aforesaid, and to effectuate the same, did delay the determination of the issues involved in the injunction suit against plaintiffs in error, and caused said restraining order to be continued in operation and effect until after the rendition of the decree quieting said title in Faris; that by reason of the premises, and by reason of the constructive service in the state court, which is made binding upon them by statute, their security upon the land in question has been entirely lost; that the trustee acted under color of his said office as trustee, and for the wrongful purpose of depriving plaintiffs in error of their lawful rights; that they have been damaged accordingly, at least to the full amount of the debt secured; and pray judgment in the sum of $5,000, the full penalty of the bond.

The surety company alone was served with process, and interposed its demurrer to the amended petition, the material substance of which has been stated. The principal ground of the demurrer was that the petition does not state facts sufficient to constitute any cause of action against these defendants. It was also urged that there is a defect of parties plaintiff, and that relators are not proper plaintiffs, not being creditors with a provable claim, which has been allowed, or may be allowed, in said estate, and are therefore not entitled to distribution or participation. This demurrer was sustained by the trial court, and,

relators declining to plead further, judgment was rendered accordingly.

The action of the trial court would be justified, if it should appear that the trustee, on behalf of the estate, had acquired said first mortgage note, and had foreclosed the deed of trust securing it, in good faith for the purpose the better of clearing title and of rendering the disposition of the property more advantageous for and beneficial to the bankrupt estate, provided, further, that all his acts were intended for the benefit of the estate without collusion, and with no unlawful purpose directly or indirectly of depriving the relators of their legal rights by conduct tantamount to fraud and deceit.

[1] But the relators in their pleadings, while the same are, perhaps, not drawn with desirable precision and completeness of averment, sufficiently charge that the acts of the trustee complained of were committed in pursuance of a malicious purpose to defeat the lien claim of relators irrespective of its validity, and of the outcome of the suit challenging their title in which the restraining order was issued; that the note secured by the first deed of trust had been paid and discharged, and that that deed was no longer in force; that with knowledge of this the trustee contrived to get possession of the $2,000 note, and to make the sale under order of the bankruptcy court for the purpose of cutting out relators' lien upon the face of the proceedings; that then, to consummate this unlawful purpose, made in collusion with the purchaser, Faris, he procured the quieting of the title in an action and by a process well calculated to escape actual knowledge on the part of the relators. This charges conduct on the part of the trustee violative of his duty as an impartial trust officer toward all persons interested in the estate, including relators, and whether his acts were solely for the benefit of the bankrupt estate, or in part for personal advantage, but done as an officer of the bankruptcy court, and under color of his office, is immaterial so far as the issues here presented are concerned.

[2, 3] Sureties on official bonds are liable for negligence or malfeasance of their principal in the performance of acts which are done virtute officii. The bond providing only for the faithful discharge of the principal of his official duties, the condition of the bond is considered to have been broken by the mere negligence, without corruption, of the principal in the performance of a ministerial duty, which performance does involve the exercise of discretion, and, where the duty which has not been faithfully discharged was owing to the person injured, such person may sue on the bond. By the weight of authority, acts done by color of office are regarded as acts for which sureties on official are liable. 29 Cyc. 1455, 1456, and cases cited. The acts here complained of fall within this category, and particularly so in view of the charge that they were done with wrongful intent and purpose.

The case should be reversed and remanded, for a trial in which the exact situation may be developed, and through which the question of liability under the facts may be more concretely presented. It may be that the pleadings will need revision, and it may be, of course, that the evidence will not support the substantive allegations on critical

points; but neither the trustee nor his surety should escape liability for conduct such as is here charged, if the charge made is established by the evidence.