PER CURIAM:
The question presented by this appeal is whether a trustee in reorganization under Chapter X[1] can be held personally liable on his bond for negligent failure to pay a claim for services furnished the debtor in reorganization in the course of continuing the debtor’s business under court order. The Bankruptcy Judge held that he could not be so held. On appeal, the District Judge, after expressing doubt on the basis of his personal knowledge of the trustee’s action that any basis for a claim of negligence on the part of the trustee existed, confirmed the Bankruptcy Judge’s ruling that there could be no personal liability of the trustee for negligence under the circumstances. The plaintiff has appealed. We affirm.
The debtor in reorganization was a construction contractor. It had filed its petition for reorganization under Chapter X. That petition was accepted and approved by the Bankruptcy Court in September, 1974. Following that approval, a trustee was appointed by the District Court. Such trustee was expressly authorized to continue the business of the debtor, and, incident thereto, “to employ ... agents, and employees,” to “purchase or otherwise acquire for cash or on credit, such materials, supplies, services, or other property, as he may deem necessary and advisable in connection with the operations of said business.... ”, and, finally, to “incur such other expenses as may be necessary and advisable in the proper management and conduct of the affairs of said Debtor.... ” The claim in this proceeding arose out of an oral lease made in connection with the operation of the debt- or’s continuing business under this authorization. The lease covered the possession and use of certain equipment to be employed in the debtor’s pending construction projects. It began as an oral lease on or before March 1, 1976. Later on April 15, 1976, the plaintiff wrote the debtor, “ATTENTION: Mr. Charles Howell, President,” setting forth in writing the terms of the lease. The agreed monthly rental, as stated in the letter, was $1,550. The letter of agreement indicated that the monthly payments due for the months of March and April were due and unpaid. This letter of agreement, which on its face related back to March 1 when the debtor took possession of the leased equipment, was accepted by the debtor through its president, on May 7, 1976, and by the defendant in his capacity as trustee on the same day.
Contemporaneous with his written acceptance of the lease, the trustee gave the plaintiff a post-dated cheek in the sum of $3,100 in payment of the past-due lease payments for the months of March and April, 1976. When later presented, that check was returned unpaid “for insufficient funds.” When the plaintiff communicated this fact to the president of the debtor, the latter instructed the plaintiff to redeposit the check with the assurance the check “would clear” upon re-presentation. When the check was, however, returned unpaid a second time, the plaintiff brought the matter to the attention of the trustee, who promptly advised the District Court of the development and requested to be relieved as trustee. The defendant trustee was relieved by the District Court as soon as a successor could be secured. Some arrange *184 ment was thereafter made between the successor trustee and the plaintiff whereby the leased equipment was returned to the plaintiff. This suit then followed to recover of the trustee personally the lease rentals from March, 1976, to the date when the equipment was returned to the plaintiff.
The plaintiff’s basis for personal liability against the trustee is strictly limited to negligence on his part. In its specification of the trustee’s negligence on which it relied for recovery, the plaintiff alleged that the defendant had failed
(a) To ascertain the Debtor’s financial ability to comply with the . .. equipment rental agreement before [the] agreement was executed;
(b) To place on deposit funds sufficient to cover the post-dated check of $3,100 given the plaintiff when presented; and
(c) To return immediately to the defendant the leased equipment when the defendant knew of the return of the postdated check for insufficient funds.
There was no allegation or claim by the plaintiff that the defendant improperly used or converted to his own personal gain any funds or properties of the debtor, thereby preventing the plaintiff from being paid by the debtor from the latter’s assets or earnings during reorganization. Nor was it contended that any funds received by the debtor had been used for any purpose other than in connection with the debtor’s proper business operations.
On the admitted facts, we are inclined to agree with the District Judge that there was no evidence of negligence on the part of the trustee. The plaintiff does not deny that it was aware that the debtor was in reorganization under Chapter X. With that knowledge it entered into the oral lease arrangement direct with the officers of the debtor. It was not until two months after the plaintiff had leased the equipment to the debtor and after the debtor was two months past due on its lease payments, that the plaintiff sought an agreement from the trustee with reference to the lease of the equipment. At that time when the trustee did agree to the lease which began on March 1,1976, the plaintiff accepted a postdated check for the lease payments that had accrued for the months of March and April. It is obvious the plaintiff accepted a postdated check because both it and the trustee knew the debtor lacked the funds to pay the past-due installments of rent at that time. Both the plaintiff and the trustee, however, assumed that between May 7 and the due date of the post-dated check the debtor, in continuing its business, would realize sufficient funds to meet the check when presented. Apparently, the debtor was not so fortunate. The possibility that the debtor might not be able to cover the post-dated check was a contingency the plaintiff clearly assumed. Because the debtor did not realize sufficient earnings to provide for the payment of the post-dated check was not something that resulted from any negligence of the trustee personally. At most, he was guilty of a mere mistake of judgment, a mistake incidentally which he shared with the plaintiff.
But, even if it be assumed that the trustee as such is to be charged with a mistake of judgment in this matter, there is, as the District Court correctly held, no authority for a finding of personal liability here. The general rule is that “[receivers and trustees appointed to conduct business on behalf of an estate in reorganization are by the weight of authority only liable as receivers and trustees. They are not individually liable unless they act outside their authority.” 11 Remington on Bankruptcy § 4507 (1961). (Emphasis added) Unquestionably, the trustee did not act “outside his authority” in continuing the business of the debtor or in accepting the lease of the equipment from the plaintiff as made by the debtor in reorganization. The order of his appointment expressly provided him with such authority. In exercising that authority, the trustee was vested with considerable discretion. When acting within the discretionary bounds of this authority, *185 it is settled that the trustee may not be held liable for any mistake of judgment; that his liability personally is “only for acts determined to be willful and deliberate in violation of his duties” and specifically that he is liable solely “in his official capacity, for acts of negligence.” Sherr v. Winkler, 552 F.2d 1367, 1375 (10th Cir. 1977), relying on Mosser v. Darrow, 341 U.S. 267, 71 S.Ct. 680, 95 L.Ed. 927 (1951). (Emphasis added)
Moreover, the plaintiff knew and understood that the ability of the debtor to cover the post-dated check when it matured depended on the success of the debtor in continuing its business. As did the trustee, it guessed the debtor would be successful. It knew that, if the debtor were not successful, there would be no means whereby it (the plaintiff) could be paid for the use of its equipment. It took the chance that the debtor would succeed and it did so with its eyes open and with full knowledge of the debtor’s condition. In such circumstances, the plaintiff has only a right to look to the assets of the debtor for payment of its debt.
We do not find United States v. Perkins, 280 F. 546 (8th Cir. 1922), an authority relied on by the plaintiff, in point. In that case, the charge against the trustee involved a charge of personal wrongful intent and purpose “to defeat the lien claim of realtors.... ” Id. 549. There is no such charge against the defendant here.
For the foregoing reasons, the judgment of the District Court is
AFFIRMED.

. Formerly 11 U.S.C. § 501, et seq., now 11 U.S.C. § 1101, et seq.