966 F.2d 1444
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Brunhilda SIERRA, Executor of the Estate of Carol A.
Campbell, Plaintiff-Appellant,
v.
Brian R. SEEBER, Defendant-Appellee.
 No. 91-2677.
 United States Court of Appeals,
Fourth Circuit.
 Argued: May 7, 1992
Decided: July 6, 1992
 
 Argued: Brian W. Shaughnessy, Shaughnessy, Borowski & Gagner, Washington, D.C., for Appellant.
 Roger Schlossberg, Schlossberg & Digirolamo, Hagerstown, Maryland, for Appellee.
 On Brief: Thomas M . DiGirolamo, Schlossberg & Digirolamo, Hagerstown, Maryland, for Appellee.
 Before RUSSELL and HAMILTON, Circuit Judges, and WILLIAMS, Senior United States District Judge for the Western District of Virginia, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 Carol Campbell appeals the district court's order dismissing her claims for false arrest, malicious prosecution, defamation, and intentional infliction of emotional distress for failure to state a claim on which relief can be granted. For the reasons stated below, we reverse.
 
 I.
 
 2
 Brian Seeber is a Chapter 11 bankruptcy trustee (the Trustee) appointed in a bankruptcy proceeding involving Private Mortgage Investors Trade Association (PMITA). Carol Campbell was employed by PMITA and the Trustee to provide management and accounting services. A conflict arose between Campbell and Seeber and Campbell was discharged. After Campbell was terminated, Seeber filed a report of missing property with the Montgomery County Police Department. The police investigated and subsequently arrested Campbell. Campbell was charged with breaking and entering and released on bond after six hours. The State's Attorney General eventually dropped the charges against her.
 
 
 3
 Campbell filed suit in federal district court for false arrest, malicious prosecution, defamation, and intentional infliction of emotional distress. Seeber moved to dismiss on the ground of judicial immunity. The district court granted the motion to dismiss for failure to state a claim on which relief can be granted because Campbell failed to plead any facts which showed Seeber wilfully breached his fiduciary duty.
 
 II.
 
 4
 The court is required to construe a complaint liberally and presume all factual allegations of the complaint to be true and all reasonable inferences made in favor of the non-moving party. Hishon v. King, 467 U.S. 69, 73 (1984). This court has repeatedly maintained that a motion to dismiss should not be granted unless it appears to a certainty that the plaintiff would be entitled to no relief under any circumstances which could be proved to support his or her position. Rogers v. Jefferson-Pilot Life Insurance Co., 883 F.2d 324, 325 (4th Cir. 1989); Adam v. Bain, 697 F.2d 1213, 1216 (4th Cir. 1982).
 
 
 5
 The court acknowledges that a bankruptcy trustee may claim qualified immunity when acting on behalf of the bankruptcy estate. Yadkin Valley Bank & Trust Co. v. McGee, 819 F.2d 74, 76 (4th Cir. 1987). The trustee, however, can be held personally liable for acts outside the scope of his or her authority. United States v. Sapp, 641 F.2d 182, 184 (4th Cir. 1981). Therefore, the threshold question is whether Campbell's complaint provides sufficient information that Seeber was acting outside the performance of his official function.
 
 
 6
 The court recognizes that the bankruptcy trustee has a statutory duty to conserve the assets of the bankruptcy estate. 11 U.S.C. § 1106(a)(1). However, that duty cannot extend beyond the trustee's responsibility. In her complaint, Campbell asserted that Seeber provided false information against her, knowing the information to be false, and that he gave the false statements with the malicious intent to deprive Campbell of her liberty "without legal justification." Such acts, if proven to be true, are undeniably outside the scope of Seeber's authority. Further, it appears to the court that factual questions remain regarding whether Seeber was acting to protect the bankruptcy estate or out of animosity toward Campbell and whether the property allegedly stolen was, in fact, part of the bankruptcy estate.
 
 
 7
 While we make no determination whether Seeber's conduct was proper or whether he acted inappropriately as Campbell claims, but inquiry into these issues and questions of qualified immunity must take into consideration factual scenarios which are not proper for motions to dismiss. Therefore, viewing the facts in the light most favorable to Plaintiff, the court finds that Campbell alleged sufficient facts that, if proven, could demonstrate that the Trustee stepped beyond his duty as Bankruptcy Trustee.
 
 III.
 
 8
 For the reasons stated above, the decision of the district court is reversed and the case remanded for further proceedings.
 
 REVERSED