537 F.Supp. 1159 (1982)
Mark DeBOER, Plaintiff,
v.
Michael J. MARTIN, Edward F. Petka, and Garrett C. McGuire, Defendants.
No. 80 C 4917.
United States District Court, N. D. Illinois, E. D.
April 30, 1982.
*1160 Patrick J. Kinnerk, Palos Hills, Ill., for plaintiff.
Robert W. Mueller, Asst. State's Atty., Joliet, Ill., William Kurnik, Park Ridge, Ill., for defendants.

MEMORANDUM OPINION
FLAUM, District Judge:
This matter comes before the court on the defendants' motion to dismiss the complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, the motion to dismiss is granted.
The plaintiff Mark DeBoer ("DeBoer") filed suit against the defendants Michael Martin ("Martin"), Assistant State's Attorney for Will County, Illinois; Edward Petka ("Petka"), State's Attorney for Will County, Illinois; and Garrett McGuire ("McGuire"), Deputy Sheriff of the Sheriff's Department of Will County, Illinois. The defendants filed a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).
The well-pleaded factual allegations in the complaint are taken as true for the purpose of a motion to dismiss for failure to state a claim. Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-02, 2 L.Ed.2d 80 (1957). Accordingly, the facts alleged in the present case are as follows. DeBoer contends that in January of 1978 a vehicle used but not owned by DeBoer was stolen in Cook County. Subsequently, Will County police officers apparently arrested one Stanley Wallace ("Wallace") and charged him with the theft of the vehicle. DeBoer allegedly identified part of the vehicle found in Wallace's custody as part of the vehicle stolen in January of 1978. DeBoer alleges that Martin requested DeBoer to appear as a witness in the case against Wallace in Will County. DeBoer also alleges that he was unable to attend as requested on two occasions due to illness and business commitments. DeBoer contends that the defendants then filed false obstruction of justice charges against DeBoer and that McGuire caused an arrest warrant to be issued to force DeBoer to testify in proceedings against Wallace. DeBoer also contends that the defendants caused him to be arrested on the charge which was subsequently dismissed. DeBoer further contends that defendants Martin and Petka caused several subpoenas to be issued from May to September 1980 which required DeBoer to appear as a witness in the Wallace case when no such matter was pending on those dates. DeBoer alleges that the defendants' actions violated his constitutional *1161 rights under the fourth, fifth, and fourteenth amendments as well as 42 U.S.C. §§ 1983, 1985(2), and 1986 (1980).
In their motion to dismiss the complaint for failure to state a claim, the defendants contend that the allegations under sections 1985(2) and 1986 must be dismissed because DeBoer has made no allegations of race or other class-based discrimination. In addition, defendants Martin and Petka maintain that they are absolutely immune from suit under section 1983 since their actions regarding DeBoer were prosecutorial in nature. Defendant McGuire also contends that he is absolutely immune from suit since McGuire acted under the direction and control of Martin and Petka. The court will address these various contentions seriatim.
Regarding DeBoer's allegations concerning sections 1985(2) and 1986, section 1985(2) provides:
If two or more persons in any State or Territory conspire to deter, by force, intimidation, or threat, any party or witness in any court of the United States from attending such court, or from testifying to any matter pending therein, freely, fully, and truthfully, or to injure such party or witness in his person or property on account of his having so attended or testified, or to influence the verdict, presentment, or indictment of any grand or petit juror in any such court, or to injure such juror in his person or property on account of any verdict, presentment, or indictment lawfully assented to by him, or of his being or having been such juror; or if two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws....
42 U.S.C. § 1985(2) (1980). The first portion of section 1985(2) creates a private cause of action against persons who interfere in certain ways with federal judicial proceedings. See Williams v. St. Joseph Hospital, 629 F.2d 448, 451 (7th Cir. 1980). The second portion of section 1985(2) creates a similar cause of action for interference with state court proceedings. Id. Unlike the first clause of section 1985(2), the second clause of the section states that such interference must be undertaken with the "intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws." The courts have held that a cause of action under the second clause of section 1985(2) requires an allegation of racial or other class-based discrimination as mandated in section 1985(3) cases under the United States Supreme Court's holding in Griffin v. Breckenridge, 403 U.S. 88, 102, 91 S.Ct. 1790, 1798, 29 L.Ed.2d 338 (1971). See Williams v. St. Joseph Hospital, 629 F.2d 448, 451 (7th Cir. 1980); Stern v. United States Gypsum, Inc., 547 F.2d 1329, 1341 (7th Cir.), cert. denied, 434 U.S. 975, 98 S.Ct. 533, 54 L.Ed.2d 467 (1977).[1]
*1162 In the present case, DeBoer apparently alleges interference with state court proceedings. Thus, assuming arguendo that DeBoer alleges a cause of action under 1985(2), such a claim must be based upon the second clause of section 1985(2) which would require an allegation of racial or other class-based discrimination. No such allegations are made in DeBoer's complaint. Thus, the motion to dismiss the section 1985(2) allegations for failure to state a claim is granted. Moreover, since the complaint fails to state a claim under section 1985(2), the complaint also fails to state a claim under 42 U.S.C. § 1986 (1980) since section 1986 merely gives a remedy for misprision of a violation of section 1985. Williams v. St. Joseph Hospital, 629 F.2d 448, 452 (7th Cir. 1980). Therefore, the section 1986 allegations also are dismissed for failure to state a claim.
As for Martin and Petka's defense of absolute immunity to the section 1983 claim, section 1983 on its face does not allow the application of immunity to defeat a claim. The United States Supreme Court, however, in Tenney v. Brandhove, 341 U.S. 367, 376-77, 71 S.Ct. 783, 788-89, 95 L.Ed. 1019 (1951), held that immunities and defenses may be applied in certain instances to defeat a section 1983 claim.[2] Thus, the courts have applied immunity as a defense to a section 1983 claim on a case-by-case basis, thereby establishing exceptions to section 1983 liability for certain state officials. There are two types of immunity which the courts have applied to section 1983 claims: absolute (judicial and quasi-judicial) and qualified immunity. Judicial immunity from section 1983 liability is granted by the courts to judges acting within the scope of their official duties, even if the judge acts maliciously or in excess of authority. Stump v. Sparkman, 435 U.S. 349, 362-64, 98 S.Ct. 1099, 1107-08, 55 L.Ed.2d 331 (1978). Quasi-judicial immunity, the other type of absolute immunity, is granted by the courts to those persons found to have judicial-like duties such as state attorneys general and grand jurors. Rhodes v. Meyer, 225 F.Supp. 80, 83 (D.Neb.1963), cert. denied, 379 U.S. 915, 85 S.Ct. 263, 13 L.Ed.2d 186 (1964); Turpen v. Booth, 56 Cal. 65, 69 (1880); Hunter v. Mathis, 40 Ind. 356, 358 (1872). In Imbler v. Pachtman, 424 U.S. 409, 428-31, 96 S.Ct. 984, 994-95, 47 L.Ed.2d 128 (1976), the United States Supreme Court compared the role of a state prosecutor to that of a judge and concluded that the state prosecutor performs a judicial-like function based upon the ability to determine whom to indict and when to bring a person to trial. Id. Therefore, a state prosecutor is absolutely immune from suit under section 1983 for actions which constitute an integral part of the judicial process. Id. See Butz v. Economou, 438 U.S. 478, 510-11, 98 S.Ct. 2894, 2912-13, 57 L.Ed.2d 895 (1978); Hampton v. Hanrahan, 600 F.2d 600, 631-32 (7th Cir. 1979), rev'd on other grounds, 446 U.S. 754, 100 S.Ct. 1987, 64 L.Ed.2d 670 (1980) (per curiam), rehearing denied, 448 U.S. 913, 101 S.Ct. 33, 65 L.Ed.2d 1176 (1980).[3] Allegations of malicious prosecution and abuse of process against a prosecutor fall within the scope of absolute immunity under section 1983. Daniels v. Kieser, 586 F.2d 64, 68-69 (7th Cir. 1978), cert. denied, 441 U.S. 931, 99 S.Ct. 2050, 60 L.Ed.2d 659 (1979).
Applying the law to the present case, the court concludes that Martin and Petka as *1163 state prosecutors are absolutely immune from suit under 42 U.S.C. § 1983 (1980) for the actions taken against DeBoer. Their conduct in causing the subpoenas and arrest warrant to be issued against DeBoer were taken in furtherance of prosecuting and presenting the State's case against Wallace. Accordingly, the section 1983 allegations against Martin and Petka are dismissed for failure to state a claim.
The other type of immunity granted by the courts in a section 1983 claim is qualified immunity. This immunity is granted to state officials who possess nonjudicial authority but who must be protected in certain instances from claims which unnecessarily interfere with their duties. Law enforcement officials such as sheriffs and police officers generally are accorded qualified immunity from suits under 42 U.S.C. § 1983 (1980). Pierson v. Ray, 386 U.S. 547, 555, 87 S.Ct. 1213, 1218, 18 L.Ed.2d 288 (1967). These nonjudicial officials are entitled to absolute immunity, however, when they conduct activities intimately related to the judicial process. See Ashbrook v. Hoffman, 617 F.2d 474, 476 (7th Cir. 1980); Mosher v. Saalfeld, 589 F.2d 438, 442 (9th Cir. 1978) (per curiam), cert. denied, 442 U.S. 941, 99 S.Ct. 2883, 61 L.Ed.2d 311 (1979); Waits v. McGowan, 516 F.2d 203, 206 (3d Cir. 1975); Holmes v. Silver Cross Hospital, 340 F.Supp. 125, 131 (N.D.Ill.1972).[4] Applying the law to the present case, the court concludes that defendant McGuire, in securing and serving the arrest warrant for DeBoer, took ministerial actions intimately related to the judicial process under the direction and control of defendants Martin and Petka. Thus, McGuire is absolutely immune from suit under section 1983 for his actions regarding DeBoer's subpoena and arrest warrant. Therefore, DeBoer's allegations against McGuire under 42 U.S.C. § 1983 (1980) are dismissed for failure to state a claim.
Accordingly, the motion to dismiss the complaint for failure to state a claim is granted.[5]
It is so ordered.
NOTES
[1] There is a split in the circuits on the issue of whether the Griffin Court's requirement of allegations of racial or class-based discrimination for a valid section 1985(3) claim applies to the first clause of section 1985(2) regarding federal judicial proceedings. Kimble v. D. J. McDuffy, Inc., ___ U.S. ___, 102 S.Ct. 687, 689-90, 70 L.Ed.2d 651 (1981) (White, J., dissenting from the denial of certiorari). The United States Courts of Appeals for the Third, Ninth, and District of Columbia Circuits have concluded that a claim under the first clause of section 1985(2) does not require an allegation of racial or other class-based discrimination. Rutledge v. Arizona Board of Regents, 660 F.2d 1345, 1354-55 (9th Cir. 1981); McCord v. Bailey, 636 F.2d 606, 614-17 (D.C.Cir.1980), cert. denied, 451 U.S. 983, 101 S.Ct. 2314, 68 L.Ed.2d 839 (1981); Brawer v. Horowitz, 535 F.2d 830, 840 (3d Cir. 1976). The United States Courts of Appeals for the Fifth and Eighth Circuits, however, have concluded that the racial or other class-based allegations required under section 1985(3) also apply to both clauses of section 1985(2). Kimble v. D. J. McDuffy, Inc., 648 F.2d 340, 346-48 (5th Cir.) (en banc), cert. denied, ___ U.S. ___, 102 S.Ct. 687, 70 L.Ed.2d 651 (1981); Jones v. United States, 536 F.2d 269, 271 (8th Cir. 1976), cert. denied, 429 U.S. 1039, 97 S.Ct. 735, 50 L.Ed.2d 750 (1977). This circuit appears to have adopted the latter view. Williams v. St. Joseph Hospital, 629 F.2d 448, 451 (7th Cir. 1980). But see Stern v. United States Gypsum, Inc., 547 F.2d 1329, 1341 (7th Cir.), cert. denied, 434 U.S. 975, 98 S.Ct. 533, 54 L.Ed.2d 467 (1977).
[2] The United States Supreme Court subsequently held that Congress did not intend to incorporate all common law immunities in section 1983. Scheuer v. Rhodes, 416 U.S. 232, 243-49, 94 S.Ct. 1683, 1689-93, 40 L.Ed.2d 90 (1974).
[3] Recently, the United States Supreme Court held that public defenders in performing their duties do not act under color of state law for the purpose of section 1983. Polk County v. Dodson, ___ U.S. ___, 102 S.Ct. 445, 451, 70 L.Ed.2d 509 (1981). Prior to Polk County, public defenders also were granted absolute immunity from suit under section 1983. See, e.g., Robinson v. Bergstrom, 579 F.2d 401, 410 (7th Cir. 1978) (per curiam).
[4] For the purpose of this motion, the court assumes that DeBoer may allege a cause of action for malicious prosecution and abuse of process under section 1983. Hampton v. Hanrahan, 600 F.2d 600, 630 (7th Cir. 1979), rev'd on other grounds, 446 U.S. 754, 100 S.Ct. 1987, 64 L.Ed.2d 670 (1980) (per curiam), rehearing denied, 448 U.S. 913, 101 S.Ct. 33, 65 L.Ed.2d 1176 (1980).
[5] Since the court dismisses the complaint for failure to state a claim, the court will not address the defendants' other grounds for dismissal.